IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION



FILED

November 10, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,   )
           )
     APPELLEE, )
           ) No. 01-C-01-9612-CC-00527
           )
           ) Maury County
v.           )
           ) Jim T. Hamilton, Judge
           )
           ) (Revocation of Probation)
ORLANDO HOBSON,   )
           )
     APPELLANT. )

FOR THE APPELLANT:

William C. Bright
Assistant Public Defender
128 North 2nd Street
Pulaski, TN 38478

OF COUNSEL:

Shara A. Flacy
District Public Defender
128 North 2nd Street
Pulaski, TN 38478

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Janis L. Turner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

T. Michael Bottoms
District Public Defender
P.O. Box 459
Lawrenceburg, TN 38464-0459

Stella L. Hargrove
Assistant District Attorney General
10 Public Square
Columbia, TN 38402-1619

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Orlando Hobson (defendant), appeals as of right from a judgment of the trial court revoking his probation and requiring him to serve the balance of his sentence. In this court, the defendant contends the trial court abused its discretion by ordering him to serve the balance of his sentences without considering whether he should receive yet another alternative sentence. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The defendant was convicted of five (5) counts of sexual assault following his pleas of guilty to these offenses. The trial court sentenced the defendant to serve six (6) months in the Maury County Jail and ordered all five sentences to be served consecutively. It appears the sentences were imposed pursuant to a plea bargain agreement. The court suspended the defendant's entire sentence and placed him on probation for five (5) years. The sentencing judgments were imposed February 17, 1995.

The trial court issued a revocation arrest warrant on April 28, 1995. The defendant's probation was revoked on June 5, 1995, because he had tested positive for cocaine. The court reinstated the defendant's probation on July 6, 1995.

A second revocation arrest warrant was issued on February 14, 1996. The grounds for the issuance of the warrant were the failure of the defendant to report to his probation officer for five months and failure to pay fees. The warrant was retired on March 15, 1996 with the understanding the case would be reviewed in two months. The warrant was amended on April 29, 1996 to allege the defendant was residing in a home with young children.

The warrant was amended a second time on August 14, 1996. The amended warrant alleged the defendant had tested positive for marijuana. The third amendment to the warrant, dated August 21, 1996, alleged the defendant changed his address without advising the probation officer and failed to pay the fees ordered by the court. On September 13, 1996, the trial court revoked the defendant's probation and ordered that he serve the balance of his sentences. The trial court did not abuse its discretion in revoking

the defendant's probation. <u>See</u> <u>State v. Harkins</u>, 811 S.W.2d 79 (Tenn. 1991).

This court has conducted a <u>de</u> <u>novo</u> review of the record in conformity with Tenn. Code Ann. § 40-35-401(d). The trial court did not abuse its discretion by refusing to grant the defendant some form of alternative sentencing after this second revocation of his probation. The state established the defendant tested positive for marijuana use; he failed to advise the probation officer he was changing addresses before moving to Jackson, Tennessee; he lived in a residence with three minor children after agreeing he would not do so; he failed to report to the probation officer for five months; he failed to pay the fees ordered by the trial court; and he failed to report for a psychological examination to determine if he needed counseling for his sexual propensities involving children.

The trial court was very patient with the defendant, and the court gave the defendant every opportunity to conform his conduct. The defendant obviously refused to conform his conduct, and he committed the above enumerated violations of his probation. Moreover, the evidence adduced at the hearing overcame the presumption that he is a favorable candidate for alternative sentencing.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOE G. RILEY, JUDGE